**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

MARINO DE LOS SANTOS

v. C.A. NO. 07-402 S

DONALD W. WYATT
DETENTION FACILITY

**MEMORANDUM OF LAW IN SUPPORT OF CORNELL CORRECTIONS OF R.I., INC.'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT**

Cornell Corrections of R.I., Inc. (hereinafter "Cornell") request that this Honorable Court dismiss the Plaintiff's action pursuant to Fed.R.Civ.P. 12(b)(6). As grounds, Cornell states that the Plaintiff has only named the Donald W. Wyatt Detention Facility as a defendant, which is not a legal entity against which suit can be asserted.

## I. BACKGROUND

Plaintiff, Marino De Las Santos, was a detainee lawfully confined to the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island ("Wyatt"). On October 29, 2007, Plaintiff filed with the Court a copy of a letter addressed to the "Connecticut U.S. Marshal's" dated April 11, 2007, a Civil Action Cover Sheet and a Motion to Proceed In Forma Pauperis. Warden Wayne Salisbury was served with a summons and a copy of the April 11, 2007 letter, and it would appear that the Court and the plaintiff are treating that letter as a complaint. The letter itself does not name or designate any particular defendant, as it is not in the form of a complaint and makes not mention of Warden Salisbury. However, the Civil Action Cover Sheet and the Motion to Proceed In Forma Pauperis both designate the Donald W. Wyatt Detention Facility as the sole defendant and the summons designated and was directed to the Donald W. Wyatt Detention Facility as the sole defendant

The April 11, 2007 letter complains of the plaintiff slipping and falling in the shower at Wyatt on two occasions in 2006. Plaintiff further complains that he did not receive medical care thereafter that he believes was appropriate. (4/11/07 Letter from plaintiff to "Connecticut U.S. Marshal's".)

## II. ARGUMENT

### A. THE PLAINTIFF'S CLAIMS MUST BE DISMISSED BECAUSE THE DONALD W. WYATT DETENTION FACILITY IS NOT A LEGAL ENTITY THAT CAN BE SUED

This Court has previously held that the Donald W. Wyatt Detention Facility is no more than the name of a building and is not a legal entity that can be sued. Sarro v. Cornell Corrections, Inc., 248 F.Supp.2d 52, 64 (adopting Magistrate Judge's Report and Recommendation finding that the Wyatt facility is a building that cannot be sued).

> A civil action can be maintained only against the legal person, i.e. a natural person or an artificial or quasi artificial person, a non-entity is incapable of suing or being sued. Where a suit is brought against an entity which is legally non-existent, the proceeding is *void ab initio* and its invalidity can be called to the attention of the court at any stage of the proceeding.

Oliver v. Swiss Club Tell, 222 Cal.App.2d 528, 537-38 (Cal.App.Ct. 1963) (citations omitted). "If a defendant in a lawsuit is not an actual entity, then any judgment rendered against that entity is void." Patterson v. V&M Autobody, 589 N.E.2d 1306, 1309 (Ohio 1992) (holding that suit naming sole proprietorship only was properly dismissed as sole proprietorship has no legal identity separate from the individual that owns it.) *See also* Jenkins v. The Estate of Nicholas A. Thomas, 800 P.2d 1358, 1359 (Col.App.Ct. 1990) (holding that actions may only be brought against legal entities to whom judgment may be awarded or against whom they may be enforced.)

Where an action should have been brought against a separate and distinct entity other than the one named as a defendant, there is no misnomer. "Rather, there is a mistake in identity and the wrong party is under no obligation to correct that mistake." Matsushita Electric Corporation of America v. McAllen Copy Data Inc., 815 F.Supp.2d 850, 852 (Texas App. Ct. 1991). The effect of naming and serving the wrong defendant who may be related to the correct defendant may toll the statute of limitation, but that misnomer party does not act to substitute the correct defendant for the incorrect one. Daca Inc. v. Commonwealth Land Title and Insurance Company, 822 S.W.2d 360, 363 (Tex.App.Ct. 1993); *see also* Lewis v. The West Side Trust and Savings Bank, 36 N.E.2d 573, 574-75 (a plaintiff cannot give the court jurisdiction over the person by having service of a Summons and Complaint made upon that person when they are not named as a defendant in the Complaint).

Here, the only defendant named by the plaintiff is the Donald W. Wyatt Detention Facility. As stated that is simply the name of the building in which the plaintiff was incarcerated. It is not a legal entity of any kind. It is not a corporation or an association of any kind. Thus, the plaintiff's claims against the facility are void. Accordingly, the claims against The Donald W. Wyatt Detention Facility should be dismissed.

## III. CONCLUSION

Wherefore, the Plaintiff's action should be dismissed.

CORNELL CORRECTIONS OF RI, INC.
By its attorneys,

/s/ Dennis T. Grieco II

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (fax)
dtg@gsm-law.com

**CERTIFICATION**

Marino De Los Santos
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

Marino De Los Santos
New Haven Corrections Department
245 Whaley Ave.
New Haven, Conn. 06530

I hereby certify that on the 30th day of January 2008, a true copy of the foregoing document was served upon the pro se litigant listed above by first-class mail.

/s/ Dennis T. Grieco II