**United States District Court**
**District Of Rhode Island**

Civil Action No. 07-402 S

Marino De Los Santos )
Plantiff, Pro Se, )
Et,Al )
v. )
Cornell Correction Of R.I. Inc. )
Warden Salisbury )
Assoc.Tapley )
Sgt. Gomes )
Correctonal Officer Richardson )
Correctional Officer Hobbs )
Doctor John Riedel )
Doctor lewisque )
Ben Candelaria Registed Nurse )
Captain Coburn )
Captain Fema )
Defendant's Et,Al, )

**Motion For Leave To File An Amended**
**Complaint According to Federal Rules Of Civil Pro. 15(a) and 19(a)**

Plantiff, Marino De Los Santos, Pro Se, pursuant to Federal rules of Civil Pro. 15(a) and 19(a), Requests leave to file an amended complaint adding to complaint parties known and un-known (hereinafter john or Jane Doe).

**1. Background:** Plantiff, Marino De Los Santos was a detainee lawfully confined to the Donald W. Wyatt Detention Facility in Central falls, Rhode Island. On October 29,2007 plantiff filed with the court a copy of a letter in the capacity as a Pro Se, motion to the conneticuit U.S. marshals Dated April 11,2007, with claims of an eighth amendment violation of neglect and lack of care for a debilitating back and spinal condition at Donald W. Wyatt Detention facility. On two occassions as the plantiff was in the shower, and returning back to cell,the plantiff fell on the ground and seriously injured himself(See letter Dated April 11,2007) However, plantiff complained to medical staff about the pain and suffering he was enduring, Moreover until this day the medical staff at Wyatt (Cornell) has negelected to adequately care and treat the plaantiff for the serious injury that occured to his spine and back.( see Medical Reports)

**Note* The plantiff like to now refer Donald W. Wyatt as Cornell Corr. of Rhode Island as defendant and the agents of Cornell Corrections.**

2. **Memorandum Of Law In Support Of Plantiffs Motion To Amend Complaint According To Fed. Rules Of Civil Procedure 15(a) and 19 (a)**

Federal Rules Of Civil Procedure 15(a) gives a party a right to amend his pleadings as a matter of course. See Fed. Rules civ. Pro.

In **Armstrong v. Rushing** 352 F2d. 836,837,(9th Cir.1965) Held that Pro Se, litigants are entitled to five Protections: (1) process issued and served (2) notice of any motion thereafter made by the defendant or the courtto dismiss the complaint and grounds therefor, (3) an oppurtunity to at least submit a written memorandum in oppo-sition to such motion (4) in the event of a dismissal a statement of the grounds therefor (5) an oppurtunity to amend the complaint to overcome the defiencey unless it clearly appears from the complaint that the defiencey cannot be overcome by amendment. See **Armstrong v. Rushing** 352 F2d. 836, 837.

Hereby, the plantiff by amended motion 15(a) seeks to amend the complaint with the above titled defendant's involved in particular **Cornell Corrections Of Rhode Island Inc.** as well as the agents that are employed by **Cornell Corrections**, However the plantiff has had due diligence in every step of this proceeding to find out whom is the owner of Donald W, Wyatt facility, plantiff has went as far as asking employed staff at the facility and each staff has stated that they are not privy to give out such information, so let the record reflect that plantiff has done all in his power to name the defendant's in his claim and through due diligence the plantiff has found the private owner of Donald W. Wyatt Facility and ask this court to grant plantiff amended complaint on the grounds of Federal Rules Of Civil Pro. 15(a) which is a one time right. The United States Supreme Court in **Conely v. Gibson** 355 U.S. 41 (1957) The **Federal Rules of Civil Pro.15(a)** does not require a clamiant to set out in detail the facts upon which he bases his claim. See **Conely v. Gibson**, Moreover, the Federal Rules reject the approach that pleadings is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. see **Maty**

**v. Grasselli Chemical Co. 303 U.S. 197,** The court cannot know, without hearing the parties, whether it may be possible for plantiff to state a claim entiling him to relief, However strongly it may incline to the belief that he cannot, the right to a hearing on the merits of a claim over which a court has jurisdiction is of essence of our judicial sysytem and the judges feeling that case is probably a frivolous does not justify by passing that right. **Armstrong v. Rushing 352 F2d. 836 (9th Cir.)**

In exercising it's discretion with regard to the amendment of pleadings, a court must be guided by the the underlying purpose of **Rule 15(a)** to facilitate decision on the merits rather than the pleadings or technicalities. See. **United States v. Webb** 655 **F2d. 977,979 (9th Cir.1981)** However, the Supreme court has instructed the lower federal courts to heed carefully the command of **Rule 15(a) Fed. Rules Of Civil Pro.** By freely granting leave to amend when justice so requires. **Gabrielson v. Montgomery Ward & Co.**785 F2d.762,765 (9th **Cir 1986)** Quoting, **Howey v. United States 481 F2d. 1187,1190 (9th Cir)**

Thus Rule 15 policy of favoring amendments to pleadings should be applied with extreme liberality. See **Rosenberg Brothers & Co. v. Arnold 285 F2d. 406 (9th Cir. 1960)** This policy is applied even more liberally to Pro Se, litigants, **Armstrong v. Rushing 352 F2d. 836(9th Cir. 1995)**

This court established that Pro Se, litigant bringing a civil suit must have an oppurtunity to amend the complaint to overcome defciencies unless it is clear that they cannot be overcome by amendment.**352 F2d.837 (Pro Se, litigant entitled to procedural protections, including right to amend complaint unless futile)** Moreover, courts, in fact provide a Pro Se, litigant with notice of deficiencies in his or her complaint to ensure that litigant uses every oppurtunity to amend effectively. See **Noll v. Carlson 809 F2d. 1446, 1448 (9th Cir. 1987),** While a statement a statement of deficiences need not provide great detail or require district court to act as legal advisor to Pro Se plantiffs, District court must at least draft a few sentences explaining defiencies. citing **Noll 809 F2d. 1448,1449** However, it is clear from the plantiff's complaint that, their was an eighth amendment violation and injury has occured to the plantiff and neglect of medical treatment has taken

place. The Eighth amendment protects prisoners right's to medical care and treatment. It is very clear that plantiff does need medical attention for his back, neck and spinal condition, that mandates -- treatment by prison officals or medical staff outside of Donald W. Wyatt facility. It is clear from the medical reports and complaints from the plantiff, that he is in serious pain, each day the condition becomes more debilitating and injury has been suffred from lack of proper medical care and attention, It is inconcievable to treat a serious spine and back condition with motrin medicine, it is clear from the medical reports that the plantiff need some form of surgery and serious treatment, some court's have held that a serious medical need is"one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the neccessity for a doctor's attention. See. **Hill v. Dekalb Reg'l Youth Det. Ctr.** **40 F3d. 1176,1187 (11th Cir.1994)** Courts usally agree that the medical need must be one that, if let unattended, pos[es] a substantial risk of serious harm""" **Taylor v. Adams 221 F3d. 1254,1258 (11th Cir. 2000)**. In other words,if a doctor say's you need treatment, or your need is obvious, than it is probably serious.

> It's the particular risk of harm faced by a prisoner due to the challenged deprivation of care, rather than the serverity of the prisoner's underlying medical condition , considered in the abstract, that is relevant for Eighth Amendment purposes,'Id. at 186; **Chance v. Armstrong 143 F3d. 698,702-703(2d Cir. 1998)**

However, the plantiff, did not come to Donald W. Wyatt with this serious spinal and back injury, these injurires occured while the plantiff was in use of the facilities shower room, so to arbitrarily neglect the plantiff serious medical treatment, clearly indicate that the medical staff at the facility is worried that a law suit would be filed against the facility, so to violate plantiff Eighth Amendment rights of the is the suitable route to take, than to treat plantiff for the serious spinal and back injuries. " An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met. **Estelle v. Gamble, 429 U.S. 97, 103 (1976)**

**Conclusion:**

The defendant's motion to dismiss plantiff's complaint should not be granted, for the defendant's failure to dispute the merits of plantiff lawsuit, the plantiff has submitted the medical records and complaints of injury and pain that plantiff has suffered, from the fall of the institution's shower stall, which resluted in neck, back and spinal injuries, the plantiff has not brought forth a frivolous complaint, plantiff ask that an hearing be granted to refute the defendant's claims. The plantiff, is seeking compensatory and punitive damages for the deliberate indiffrence from the prison authorites and medical staff. **Estelle v. Gamble 429 U.S. 97 (1976)**

This Court should grant leave freely to amend a complaint. **Foman v. Davis 371 U.S. 178, 182 (1962)**

Respectfully Submitted

Marino de Los Santos

Marino De Los Santos
Donald W. Wyatt Detention
950 High Street
Central Falls R.I. 02863

**Certification**

I hereby certify that on Febuary 13, 2008, a true copy of the foregoing document was served upon Dennis T. Grieco II above by first class mail.

Marino De Los Santos Pro Se,

Marino de Los Santos

cc. file

## Certificate Of Service

I hereby certify that on febuary 13, 2008, a true copy of the foregoing document was served upon attorney Dennis T. Grieco II by first class mail, from Donald W. Wyatt detention Facility mail box, under the pains and penalties of perjury 28 U.S.C. 1746

Marino De Los Santos Pro Se,

Marino de los Santos

Marino De Los Santos Pro Se
Donald W. Wyatt Facility
950 High Street
Central Falls R.I. 02863