United States District Court
For The District Of Rhode Island

Civil Action. 07-402 S

Marino De Los Santos
Plantiff,

v.

Cornell Corrections Inc.
Warden Salisbury
Assoc. Tapley
Captain Coburn
Captain Fema
Doctor John Riedel
Ben Candelaria R.N.
Sgt. Gomes
Correctional Officer Richardson
Correctional Officer Hobbs

Defendants Et.Al

## Amended Motion According To Federal Rules Of Civil Procedure 15(a)

Hereby, comes the plantiff Marino De Los Santos in a civil action complaint **42 U.S.C. 1983**, in accordance of **Federal Rules Of Civil Procedure 15 (a)**. that was granted in the district court to file an amended complaint. The plantiff respectfully request this court to amened the defendant that is party to the civil suit as the sole operater, employer and exclusive administrator **(Cornell Corrections Inc.)** of the Donald W. Wyatt Facility. The plantiff will no longer address the party as Donald W. Wyatt, the plantiff respectfully in due diligence will be seeking damages from all parties that are named and those that are not named in the civil action from this day forward, **Cornell Corrections Inc.** will now be liable for all damages known and un-known to the plantiff.

## FACTS OF CASE

The plantiff, Marino De Los Santos, was lawfully confined to the Donald W. Wyatt Detention Facility on Federal Charges and upon the plantiff confinement, plantiff has suffered serious life debilitating injuries suffered from the results of a fall that happen to the plantiff while leaving the shower stall in Delta Pod Unit, which plantiff has suffered, Back, Neck, spine and foot injuries as a result of the fall, which was witnessed by correctional staff and detainees, and as the result of the fall, the plantiff was rushed to the emergency room at the Rhode Island Medical Hosp.

The, Plantiff was diagnosed with severe injuries of the back, Neck Spine, as well as Foot, sustained from the fall in the shower. Plantiff, was released from the hospital in a wheel chair with neck brace on his neck. However, after several day's of his release, plantiff have complained to medical staff at Donald W. Wyatt, about pain and numbness in his legs as well as was suffering from difficulty with breathing in the day time as well as the night when plantiff went to sleep.

Plantiff, Marino De Los Santos, placed many request in the medical box to see medical staff and upon seeing medical staff and informing staff about his bout with numbness and pain, medical staff than pre-scribe a muscle relaxer **(Motrin)**, two times a day for the next ten days. The plantiff was informed by medical staff of the reason that he was experecing so much numbness and pain was due to the healing proccess that was taking place with the plantiff injuries. On a next occassion while the plantiff was showering, the same incident had taken place on November 5, 2006, the plantiff slip and fell to the ground, as the result of the surface in delta pod is always slippery from the paint

mixture that is oil based and the waterfrom the shower stall, the fall on November 5, 2006 was also witnessed by staff and detainees and plantiff was than again rushed to the emergency room. however, on each of these occassions the administrator staff at the facility did not improve the safety measures for the detainees and as a result other detainees has suffered the same fate as plantiff, but has not suffered debilitating injuries as the plantiff. Moreover, through neglect from medical staff at Donald W. Wyatt Detention, the plantiff, came to the facility as a vibrant young man and through neglect, not on his doing, has now become a disabled and broken man emotionally, and mentally from the result of the intentional neglect on the part of medical staff at Donald W. Wyatt facility, from the results of not providing the plantiff with the proper medical treatment and rehabilitative initiatives for the injuries that was suffred from two incidents in the shower area and now plantiff, suffer from a lifetime of pain and mental anguish and decrepitude, from the lack of compassion and concern on the part of the medical staff.

The plantiff is not able to walk on his own without the aid of a walking cane, the plantiff has asked medical staff to provide him with a wheel chair and plantiff has not been provided with a wheel chair and is force to walk, which leaves plantiff out of breath after ten steps and he must cease walking inorder to sustain normal breathing. The facility has not taken any measures of preventing other detainees from falling while leaving the shower stall after taking a shower.

CLAIM # 1.

**PLANTIFF DUE PROCESS RIGHTS UNDER THE FOURTEENTH AND EIGHTH AMENDMENT WERE VIOLATED BY DEFENDANTS FAILURE TO PROVIDE HIM MEDICAL TREATMENT FOR HIS SERIOUS MEDICAL NEED AT DONALD W. WYATT FACILITY**

In order to prevail in a 42 U.S.C. 1983 claim plantiff must bring forth evidence (1) that defendant acted under the color of law and (2) of a deprivation of a federally protected right. **Rogan v.City Of Boston**,267 F3d. 24, (1st cir. 2001), **Dimarco-Zappa v. Cabanillas**, 238 F.3d 25,33 (1st.cir 2001), the defendants in the case at bar are operating under the color of law, to hold and detain federal inmates at the facility through contract with the federal marshalls. The parties in this case are responsible for the care, safety and well being of all detainees protected by the constitution. Secondly, the defendants in this suit, has violated the plantiff's, **Eighth and Fourteenth Amend.** rights, by not providing safety and medical treatment for plantiff's serious medical needs. In other words section 1983 " supplies a private right of action against a person who under color of state law, deprives another of rights secured by the constitution or by federal law. **Evans v. Avery** 100 F.3d. 1033, 1036 (1st. cir 1996).

However, the Eighth amendment, in turn imposes a duty to attend to a prisoners serious medical needs. **Gaudreault** 923 F.2d.at 208 (Quoting, **Cortes- Quinones v. Jimenez-Nettleship** 842 F.2d.556,558(1st. cir.1998) The first circuit has defined serious medical need as one that has been diagnosed by a physician as mandating treatment, or one that is so obivious that even a lay person would easily recognize the neccessity for a doctor's attention. **Gaudreault** 923 F.2d. at 208

as in the plantiff's case, Rhode Island Hospital, scheldule the plantiff for a follow-up routine check-up due to the severity of the injuries that was suffered as a result of the fall in the shower pod in delta, it is also obivious that the plantiff is in serious need of medical and surgical attention,the plantiff must use the aid of a walking stick, plantiff has numbness as well as serious pain, plantiff's spine is so damage that plantiff is unable to stand up straight and resemble's the hunch back of notre dame as he attempts to walk around in the facility, which each step leaves him gasping for breath and plantiff must cease walking.

However, under the Eighth Amendment, prison officals must guarntee the safety of prisoners including attacks from fellow inmates. See, **Farmer v. Brennan** **511 U.S. 833, 114 Sct.at 1976, 128 Led.2d at 822,** **Calderon- Ortiz** 300 **F.3d.64,** **Giroux** **178 F.3d.at** 32, Additionally, there is a duty to care for a prisoner's serious medical needs, **Estelle v. Gamble**, 429 U.S. 97, 104, 97 Sct. 285, **Garcia V. City Of Boston** 253 **F.3d. 147,150 (1st.cir.2001)** In plantiff's case, prison officals and medical staff has disregarded this sacred right of our constitution and the plantiff's basic right's to be provided with medical care for his serious medical need of surgery and medical rehabilitation, has been violated by the medical staff and the admin-istratiors alike, the plantiff is suffering from numbness and excruci-ating pain from the condonation, acquiescence and gross negligence amounting to deliberate indiffrence. **Wilson v. Town Of Mendon, 294 F.3d.1,6, (1st.cir 2002),** **Figuerora- Torres v. Toledo- Davila** **232 F.3d 270, 279 (1st.cir.2000),** Pre-trial detainees are protected under the Fourteenth Amendment due process clause rather than the Eighth Amen-

dment, However, the standard to be applied is the same as that is used in the Eighth amendment cases. __Burell v. Hampshire County__ 307 **F.3d. 1, 7, (1st cir.2002)** Constitutional protection is available to pre-trial detainees through the due process clause of the Fourteenth amendment and is at least as great as the Eighth amendment protections available to a convicted prisoner. **__Calderon-Ortiz v. Laboy- Alvarado__** **300 F.3d. 60,64(1st cir.2002)citing,** **__City Of Revere v. Mass.Gen.Hosp__. 463 U.S.239,244, 103 Sct.2979, 77 Led.2d.605(1983)** A prison official deliberate indiffrence to a substantial risk of serious harm to an inmate violates the Eighth amendment. **__Farmer v. Brennan__ 511 U.S. at 828, 114 Sct. at 1979,** Plantiff has suffered serious harm as the result of the injuries that was suffered through the fall from the wet surfaces in the shower stall, the facility did not and has not taken the neccessary measures to ensure the safety of the plantiff, as well as other detainees at Donald W. Wyatt Facility, Moreover, plantiff needs serious medical attention for his serious medical injuries and the defendants has taken an deliberate indiffrence towards the plantiff injuries that was suffered under the protection and care of the defendants at Donald W. Wyatt Facility, plantiff has complained and file administration greviences about the pain and the debilitating conditions of the plantiffs spine, back, neck and foot, medical staff has taken a deliberate indiffrence towards plantiff and has only prescibe pain killers to the plantiff, when plantiff injuries require serious medical attention. The deliberate standard is utilized for both safety and medical Eighth amendment claims. **__Alsina-Ortiz v. Laboy__, 400 F.3d. 77, 80 (1st.cir.2005),** A prison offical may be held liable under the Eighth amendment for denying humane conditions of confinement only if the inmate face a substansial risk of serious

harm and disregardes that risk by failing to take reasonable measures to abate it. **Farmer v. Brennan** **511 U.S. at 847**, Plantiff, has deterioated into a decrepit, and a cripple from the deliberate indiffrence and gross neglect on the part of the medical staff.

However, planitff is helpless and is unable to do the neccessary things that ordinary human beings are capable of doing, such as tying ones own shoes, walking on his own, carrying his own food tray, taking a shower in a chair. These are some of the things that the plantiff is not able to do anymore, from the deliberate neglect on the part of the medical staff and other employees at Donald W. Wyatt. The medical staff at this facility has denied plantiff one of the basic of human rights, and that is the right to be giving, food, clothing, shelter and adequate medical care and attention, even if one is confined under the law, this is the basis of the Eighth and Fourteenth Amendment.

Moreover, wilful blindness and deliberate indiffrence are not mere negligence, these concepts are directed at a form of scienter in which the offical culpably ignores or turns away from what is otherwise apparent. **Alsina-Ortiz v. Laboy**, **400 F.3d.77,82 (1st Cir.2002)**, This is what has happened in plantiff's case, medical staff has tied their hands and close their eyes and knowingly allowed the plantiff, detiriorate into a cripple, from a young, healthy, vibrant man into a man that is ashamed to face his family and kids, from the decripitude and shame of not being able to play baseball with his sons, not able to tie his own shoe, not able to stand up straight and look his children in the eye and tell them that daddy loves them, this is what the plantiff has been subjected to for the rest of his life and was unable to change his own fate, by seeking the proper medical attention own his own behalf and receiving the medical care he deserve and needs, plantiff, is in the

care and trust of the administrators as well as medical staff to provide adequate care to all detainees, however, staff, medical and alike has been derelict in their care and duty and has continously violated the plantiff constitutional rights that are afforded to him governed by the Eighth and Fourteenth amendment.

However, prison officials violate the constitution if they exhibt a deliberate indiffrence to a prisoner's serious medical needs. **Gaudreault, 923 at 208, citing, Estelle v. Gamble 429 U.S. 97,106,** To establish deliberate indiffrence the plantiff must prove that the medical staff and adminstrators had a culpable state of mind and intended wantontly to inflict pain. **Derosiers v. Moran 949 F.2d. 15,19, (1st.cir 1991)** Plantiff, has filed on numerous occassions mecdical request forms about the conditions of his injuries, as well as pain, numbness and deteroration, also grivences to the Warden Salisbury, Assoc. Tapley as well as the grevience coordinator and has failed to produce any results, so it is well documented and known by staff, that plantiff required serious medical attention and care.

Moreover, plantiff has exhausted every remedy to make the facility aware of his serious medical needs, as is well documented from the medical requests plantiff file with medical staff, as well as grevience. However, each complaint has landed on deaf ears and cold hearts. The Eighth amendment and Fourteenth amendment protects all prisoners (detainees) from deliberate indiffrence and when medical staff does not afforded these rights to prisoners, the constitution has been violated and the plantiff must endure each day living as a disabled person from the actions of adminstrators and medical

staff by not providing the medical treatment for the injuries that was sustained at the facility, the plantiff could not have prevented, which has caused this facility to treat plantiff with delebirate indiffrence of a serious medical need, which has caused the plantiff to suffer wanton and infliction of physical and mental pain from the results of the injuries from the fall in delta pod and the lack of medical care and concern on the part of medical staff. Plantiff was prescibed to take pain killers, when plantiff is in dire need of surgery, for the injuries suffered to his back, neck and spine. The nature of the Eighth amendment violation is the un-neccessary and wanton infliction of pain. Ingraham v. White 460 U.S. 651,670, 97 Sct. 1401, constitute cruel and unusal punishment forbidden by the Fourteenth amendment. A similar anaylsis applies to medical needs, because society does not expect that prisoners will have un-qualified access to health care, deliberate indiffrence to medical needs amount to an Eighth amendment violation if those needs are serious. Estelle v. Gamble 429 U.S. 97, 106, However, in the case of the plantiff, which has suffered injuries that has deteriorated as well has left his spine damaged, which has made the plantiff into a cripple, which can lead to paralysis, the plantiff has complained about numbness and pain along his legs, constantly out of breath when he walks and must walk with a cane, when plantiff needs a wheel chair and the facility does not want to provide the plantiff with a wheel chair, as the medical staff say's he does not need a wheel chair to get around, when a lay person can take one look at plantiff and will see not only does the plantiff needs a wheel chair, but he very much need immediate surgery for his debilitating condition of his back, neck and spine, as well as foot.

**CONCLUSION:**

The plantiff in the case has suffered an injury that has left him cripple and in excruciating pain and numbness, from the fall that occured at Donald W. Wyatt Facility, in Delta Pod, which was witnessed by correctional staff and pre- trial detainees, this fall occured from water leaking from the shower stalls in delta pod.

However, staff at that time did not take neccessary caution to prevent a detainee from falling by providing caution signs indicating that the area was wet and slippery, upon completion of his shower plantiff life would take a drastic change, as plantiff fell to the pavement as the result of the area being wet and slippery and as a result of this lack of caution and warning on the administrators behalf, the plantiff fell and had to be rushed to the emergency room from the injuries he inccured from the fall. The doctors at Rhode Island Hospital diagnosed plantiff with severe injuries to the neck, back, chest and spine as the result of the fall in delta pod.

On another occassion, the plantiff, once again slip and fell and injured himself, as the result of water being in hte same area of the shower stall, and once again the plantiff had to be rushed to the emergency room as the result of the fall and came back in a wheel chair and a brace on his neck, upon leaving the emergency room in Rhode Island Hospital. The Rhode Island Hospital medical staff, scheldule an appointment for plantiff to be examined by an spine and back specialist from the result of the injuries, however, plantiff was never taken to this appointment and medical staff (R.N.Ben Candelaria and Dr. Riedel) informed plantiff, that there was no need for him to see the specialist at Rhode Island Hospital.

Plantiff, injuries require him ti have surgery, plantiff is not allowed to use a wheel chair, nor wear a neck brace for the pain and lack of mobility and numbness he has in his legs, plantiff is force to walk around with a walking stick, which is causing plantiff to constantly be out of breath after ten steps. Plantiff, has brought these issues to the administrators, as well as medical staff( the two doctors that was mentioned), through medical requests and grivences, as each request and grievence has resulted in a denial and the plantiff must continue to walk around as a cripple and in pain as a result of staff at the facility, has taken a hard stance towards the plantiff, for filing grivences and now this law suit in the court, for asking to be seen by the spine and back specialist.

Plantiff, has suffered an injury at Donald W. Wyatt Facility, that has resulted in him being disabled and crippled for the rest of his life, which staff has turned a blind eye towards plantiff deterioration and the numbness and pain each day he wakes up and struggles to get out of bed, to be force to stand up for 7:00 AM, count. The defendants has disregarded, Rhode Island Hospital, that scheduled an appointment for plantiff to see a back and spine specialist, Medical staff at Donald W. Wyatt, has not taken x-rays to determine the prognosis of the plantiff injuries, the staff at Donald W. Wyatt has taken an deliberate indiff-rence towards the plantiff, as staff wacth the plantiff deteriorate into a man that will be crippled for the rest of his life.

The plantiff seeks declartory and injunctive relief, compensatory damages of $5.000.000.00 dollars and punitive damages in excess of $10.000.000. dollars or as the court deems reasonable. The above case should move to trial for the foregoing reasons and claims.

**CERTIFICATE OF SERVICE**

I, Marino De Los Santos, due solemly swear under the pains and penalties of perjury 28 U.S.C. 1746, On March 24, 2008, Via, first class mail have mail a copy of the amended complaint to the district court of Rhode Island, clerk of court.

Respectfully Submitted

Marino de los Santos.

Marino De Los Santos Pro Se;
Donald W. Wyatt Detention
950 High Street
Central Falls R.I.02863