**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

MARINO DE LOS SANTOS

v. C.A. NO. 07-402 S

CORNELL CORRECTIONS, INC., et al.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, CORNELL CORRECTIONS OF RHODE ISLAND, INC.'S OBJECTION TO PLAINTIFF'S AMENDED MOTION ACCORDING TO FEDERAL RULES OF CIVIL PROCEDURE 15(a) AND MOTION FOR A MORE DEFINITE STATEMENT**

**BACKGROUND**

Plaintiff, Marino de los Santos, a prisoner lawfully in the custody of the United States, filed this action on October 29, 2007 under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights under the United States Constitution. (See, Civil Cover Sheet). Plaintiff alleged in his Complaint[1] that he slipped on a wet floor at the Donald W. Wyatt Federal Detention Facility ("the Wyatt Facility") on two separate occasions in August and November of 2006. As a result of these falls, Plaintiff claims that he suffered personal injuries that were not properly treated by physicians at the Wyatt Facility. Plaintiff's Complaint was directed solely to the Donald W. Wyatt Detention Facility. (See, Civil Cover Sheet).

In lieu of an answer, Defendant filed a motion to dismiss on the ground that the Wyatt Facility is not a legal entity subject to suit, but instead is merely a building. In response to Defendant's motion, Plaintiff filed a Motion for Leave to File an Amended Complaint, which was never served on Defendant. Plaintiff's motion was granted on March 18, 2008.

[1] Plaintiff's "Complaint" is a three-page letter addressed to the United States Marshals Service in New Haven, Connecticut and apparently copied to the Court.

On March 31, 2008, Plaintiff filed the pleading now in issue, styled "Amended Motion According To Federal Rules of Civil Procedure 15(a)". For the reasons set forth below, this motion should be denied. In the alternative, to the extent this Court deems this "Motion" to be the Amended Complaint, the Plaintiff should be ordered to file a more definite statement.

## ARGUMENT

### I. PLAINTIFF FAILED TO SERVE DEFENDANT WITH THIS MOTION

Pursuant to Fed.R.Civ.P. 5, unless provided otherwise, a pleading or written motion, notice or demand must be served upon all parties or their counsel. Fed.R.Civ.P. 5(a)(1)(B), (D) and (E); Fed.R.Civ.P. 5(b)(1) and (2). Pursuant to Local Rule 5.1 of the United States District Court for the District of Rhode Island, "[p]roof of service of any document required to be served on a party or non-party shall be filed with the Court within three (3) days after service is made."

In this case, the Plaintiff did not serve the Defendant with the motion he now presents to the Court. Moreover, the certificate of service appended to the Plaintiff's motion does not indicate that service was made on the Defendant. In light of these facts and the Plaintiff's failure to serve his Motion to Amend on defense counsel, the present motion should be denied.

### II. PLAINTIFF'S MOTION IS MOOT AS HE HAS ALREADY FILED FOR, AND WAS GRANTED, LEAVE TO AMEND HIS COMPLAINT

The Plaintiff's motion is moot, since this Court already granted leave to amend the Complaint and this motion does not seek any relief beyond that which he sought and was granted by way of the first motion to amend. Plaintiff filed a motion for leave to

amend his Complaint on February 25, 2008, apparently in response to Defendant's motion to dismiss. As with this motion, the Plaintiff did not serve a copy of that motion on the Defendant either. Defendant not having had the opportunity to object, Plaintiff's motion was granted on March 18, 2008. Accordingly, having already been granted leave to amend his Complaint, the Plaintiff's instant motion would appear to be moot.

## III. THE PLAINTIFF HAS NOT FILED HIS AMENDED COMPLAINT, AND ACCORDINGLY, SHOULD NOT BE ALLOWED TO FILE ANOTHER MOTION TO AMEND

To the extent the Plaintiff does seek to add claims, the motion should be denied. Plaintiff's first motion to amend appeared merely to seek to add defendants in response to Defendant's contention that a building is not amenable to suit. (See, Plaintiff's Motion to Amend, p.1). However, to the extent Plaintiff's instant motion seeks to add other avenues of relief or grounds not asserted by way of the first "Complaint", the Plaintiff's motion should be denied. The Plaintiff moved to amend his Complaint for the purpose of "adding to complaint parties known and un-known". Id. This Court granted the Plaintiff's motion. However, the Plaintiff has not filed his amended complaint asserting any claims against any newly added defendants.

The Plaintiff's initial Complaint consists of a three-page letter addressed to the United States Marshal's Service and copied to the Court with a civil action cover sheet. The Plaintiff's claims in that letter consist simply of a narrative reflecting that he had slipped on a wet floor in the showers at the Wyatt Facility and suffered personal injuries for which he claims he requires further medical treatment. The Plaintiff was granted leave to amend his Complaint to add further defendants. The motion now before the Court appears to seek to add allegations of medical negligence, neglect, permanent

physical injury, gross negligence, willful blindness, deliberate indifference, premises liability, consortium claims, unnecessary and wanton infliction of pain, *res ipsa loquitur*, and withholding of medical services.

Simply put, the Plaintiff should not be allowed to repeatedly, serially and arbitrarily seek to amend his Complaint to add claims or theories without due notice to the Defendant and where he has not filed his amended complaint in accordance with this Court's Order giving each of these newly added Defendants proper notice of the particular claims against each of them. Such practice and procedure is unfairly prejudicial to the Defendants' ability to adequately defend this action and a gross violation of the Rules of Civil Procedure, the Local Rules of this Court, and the Due Process guarantees afforded thereunder.

## IV. TO THE EXTENT THE COURT CONSTRUES THE PLAINTIFF'S PLEADING TO BE THE AMENDED COMPLAINT, DEFENDANT MOVES FOR A MORE DEFINITE STATEMENT

Rule 12(e) of the Federal Rules of Civil Procedure provides that, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response".

> "Rule 12(e)...must be read in conjunction with Rule 8, which establishes the general rules for pleading. Rule 8(a) makes three elements mandatory in a complaint: (1) a statement of the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment." Hodgson v. Virginia Baptist Hospital, Inc., 482 F.2d 821, 822 (4th Cir. 1973).

As applied here, the pleading submitted by the Plaintiff consists of a twelve page dissertation of conclusory statements interspersed with citations to legal authority, but

without any statement of this Court's jurisdiction over the parties or the claim and without a short and plain statement of the claim showing that he is entitled to the $15,000,000 dollars in relief which he claims. To the extent that this pleading may be construed to be a complaint, the claims made far exceed the scope of this Court's Order and the relief sought by the Plaintiff in his original Motion for Leave to Amend. It would be nearly impossible to answer this as a complaint, given the inextricably intertwining nature of the vague allegations, ambiguous grounds, conclusory statements and improper legal argument.

Assuming for the purposes of argument that the pleading filed by the Plaintiff entitled "Amended Motion According to Federal Rules of Civil Procedure 15(a)" is indeed Plaintiff's Amended Complaint, the allegations contained therein are such that the Defendants cannot reasonably prepare a response. In his pleading, the Plaintiff only makes repeated reference to the actions of "medical staff" ("Amended Motion", p. 1, ¶¶ 2, 3; p. 2 ¶¶ 1, 2; p. 4, ¶ 2; p. 5; p. 6, ¶¶ 2, 3; p. 7, ¶¶ 1, 3; p. 8; p. (i), ¶ 3; p. (ii), ¶ 2), "staff" (Id., p.2, ¶ 1; p. 7, ¶ 1; p. (i), ¶ 2; p. (ii), ¶ 2), and "prison officials" (Id., p. 4, ¶ 2; p. 5). Plaintiff only states that he filed administrative grievances with Warden Salisbury and "Assoc. Tapley", but that they "failed to produce any results", Id., p. 7, ¶ 2, and that "medical staff (R.N. Ben Candelaria and Dr. Riedel) informed plantiff [sic], that there was no need for him to see the specialist at Rhode Island Hospital". Id., p. (i), ¶ 3. (parens in original).

This Court granted the Plaintiff's motion to file an amended complaint purportedly for the purpose of identifying real defendants and elucidating his claims against them. Again, assuming this is a Complaint for the purpose of argument, this is

simply not what has happened. Plaintiff has instead expanded into the realm of legal argument without specifying what it is that each of these newly added defendants has done wrong. Accordingly, this Court should require the Plaintiff to file a more definite statement in compliance with Rule 8, consisting of a short and plain statement of his claims and supporting allegations, in numbered paragraphs, without legal argument so that Defendants may answer those claims.

**CONCLUSION**

For the reasons set forth above and the authority cited, Defendant respectfully requests that the Plaintiff's Motion be denied. To the extent that this Court construes the Plaintiff's submission to constitute his Amended Complaint, filed pursuant to the Court's Order of March 18, 2008, since the Plaintiff's claims are so vague or ambiguous such that the Defendant cannot reasonably prepare a response, the Plaintiff should be ordered to provide a more definite statement in compliance with Rule 8, consisting of a short and plain statement of his claims and supporting allegations, in numbered paragraphs, without legal argument so that Defendants may answer those claims.

CORNELL CORRECTIONS OF RI, INC.
By its attorneys,

/s/ Dennis T. Grieco II

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (fax)
dtg@gsm-law.com

**CERTIFICATION**

Marino De Los Santos
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

Marino De Los Santos
New Haven Corrections Department
245 Whaley Ave.
New Haven, Conn. 06530

I hereby certify that on the 11th day of April 2008, a true copy of the foregoing document was served upon the pro se litigant listed above by first-class mail.

/s/ Dennis T. Grieco II