MARINO DE LOS SANTOS
PLANTIFF,

V.

CORNELL CORRECTIONS INC.
WARDEN SALISBURY
ASSOC. TAPLEY
SGT. GOMES
CORRECTIONAL OFFICER RICHARDSON
CORRECTIONAL OFFICER HOBBS
DOCTOR JOHN RIEDEL
DOCTOR LEWISQUE
BEN CANDELARIA R.N.
CAPTAIN COBURN
CAPTAIN FEMA
DEFENDANTS ET, AL,

CIVIL ACTION 07-402 S

PRE-TRIAL DISCOVERY
FEDERAL RULES OF CIV.
PROCEDURE. 26 & 37

RECEIVED
MAY 12 2008
Property of U.S. District Court
District of Rhode Island

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, by way of order of the court, the plantiff Marino De Los Santos hereby request from counsel Dennis T. Grieco II. whom repersents the defendants in the above title action. the following information and relevant documents:

1. The plantiff request a copy of the correctional officers report that was on duty in Delta Pod unit on August 30. 2006 on or about 5pm. as well as November 5, 2006 on or about 8:00 to 9:00pm
2. The emergency response report from the on duty Sgt. medical staff, shift commander that was on duty on August 30, 2006 at the time of the incident. as well as November 5, 2006
3. The plantiff request the log book from Delta Pod the correctional officer that was on duty at the time of 5pm on August 30, 2006
4. The palntiff request all known and un-known documents from the medical staff at Donald W. Wyatt, that diagnosed the plantiff, as well as any follow up reports or other medical injuries that the plantiff suffered

5. The plantiff request the medical reports and evaluation reports from Rhode Island Hospital and Memorial Hospital, as well as the names and addresses of the nurses or doctors that made reports in the emergency room, as well as there treatment and diagnoses of the plantiff. On August 30, 2006 and November 5, 2006.

6. The plantiff request any photographs, video, electronically stored information, tangible things that are in the control or possession of the party, as well as the names of the parties who are in sole possession of the requested items on the dates of August 30, 2006 and November 5, 2006. on or about 5pm on August 30, 2006 and on or about on the date of November 5, 2006 between 8:00pm to 9:00pm.

7. The plantiff request the transportation log book for the dates of August 30, 2006 and November 5, 2006 or any other dates that the plantiff was transported from the Donald W. Wyatt Facility to Rhode Island Hospital and Memorial Hospital or any rehabilitation facility.

**THE FACTS THAT ARE IN DISPUTE**

1. The plantiff suffered an debilitating injury that has caused the plantiff to become crippled and handicapped, from the results of two falls that occurred on two diffrent occassions.

2. From the results of the injuries, the plantiff did not receive adequate medical attention, from the wanton and reckless neglect, indiffrence, from the failure of the medical staff at Donald W. Wyatt to properly care and treat the plantiff with follow-up rehabilitation from Rhode Island Hospital and Memorial Hospital.

3. The Donald W. Wyatt Medical staff claims that there is no pain and injury suffered to the plantiff from the results of these two seperate

falls on August 30, 2006 and November 5, 2006, the plantiff wrote numerous medical requests to the medical staff, requesting to be properly cared for from the pain and numbness suffered from the results of the injuries, medical staff informed plantiff that there was injury suffered to his back, neck and spine as a result of the two falls on the two occassions.

4. The medical staff at Rhode Island Hospital and Memorial Hospital informed the medical staff at Donald W. Wyatt facility, that the plantiff was in great need of rehabilitation and surgery from the injuries that was suffered as a result of the fall in Delta Pod.

## LEGAL ISSUES IN SUPPORT OF CLAIMS

1. The defendants violated the plantiff's constitutional rights, by the medical staff at Donald W. Wyatt, in there failure to acknowledge plantiff had a serious medical need.

2. The defendant's violated the plantiff's constitutional rights by showing a deliberate indiffrence to plantiff's serious medical need.

3. The defendant's failure to properly monitor the plantiff injury after the incident in delta pod, which caused the plantiff injury to debilitate to a more severe stage, due to the indifference by the defendant's.

4. The defendant's violated the plantiff's constitutional right's from the un-neccessary wanton and infliction of suffering and pain, from the deliberate indiffrence of plantiff's serious medical need.

The basis of plantiff's legal claims are derived from the **United States Constitution Eighth & Fourteenth Amendment**

## THE NATURE AND AUTHORITY OF THE DISCOVERY

1. The Plantiff request to be provided with all written reports, from the correctional officers on duty on August 30, 2006, on or about 5:00pm to 6:00pm and on November 5, 2006 on or about 8:00pm to 9:00pm, to show cause that an injury occured due to an detainee falling at the Donald W. Wyatt Detention, which required the plantiff to receive medical attention.

2. The plantiff request to be provided with the shift commander log book and written reports that was on duty on August 30, 2006 on or about 5;00pm to 6:00pm and on November 5, 2006 on or about 8:00pm to 9:00pm to show cause that an emergency response had taken place and the facility had to cease normal operations due to the severity of the incident in delta pod.

3. The plantiff request to be provided with all written documents or electronically stored information that was provided to Warden Salisbury and Assoc. Tapley or any administrative staff in regards to the emergency response, written reports, injury reports, as well as medical reports on August 30, 2006,on or about 5:00pm to 6:00pm and on November 5, 2006 on or about 8:00pm to 9:00pm to show cause that the administrative staff was aware of the nature of the injury that occured on these two occassions.

4. The plantiff request the medical transportation log book as well as the correctional officer's that escorted the plantiff to Rhode Island Hospital and Memorial Hospital with the dates and times of these trips and the names of the medical and administrative staff whom signed and authorized the medical trips.

5. The plantiff request to be provided with all grievances and medical request submitted by the plantiff, with the times,dates and the person's that processed and govern over these matters, as well as the result's and finding's of the complaints and requests.

6. The plantiff request all conclusions and finding's by medical staff at Donald W. Wyatt, that examined the plantiff on each date of the medical request,as well as any precriptions that was given to the plantiff, as well as procedural reports on the medical condition.

7. The plantiff request to be provided with all digital imaging from video or camera on the dates of August 30, 2006 on or about 5:00pm to 6:00pm and on November 5, 2006 on or about 8:00pm to 9:00pm or photographs, X-ray's, Cat Scan imaging, at Donald W. Wyatt Detentiton, Rhode Island Hospital as well as Memorial Hospital.

8. The plantiff requests all video imaging at Donald W. Wyatt Detention security camera's to support planitff claim of the fall on the dates of August 30, 2006 on or about 5:00pm to 6;00pm and on November 5,2006 8:00pm to 9:00pm, the plantiff also request the video imaging from the security camera's from January 2008 to May 2008 at the times of 9:00pm to 10:00pm to show the court that Donald W. Wyatt Detention has not provided the plantiff with a wheel chair at the facility, which has subjected the plantiff to walk in pain and hunched over walking with a cane.

9. The plantiff request all medical and emergency reports of other detainees that have been injured as results of falls throughout the Donald W. Wyatt Facility, as well as any reports from other hospitals such as Rhode Island Hospital and Memorial Hospital.

## REACHING A SETTLEMENT BEFORE EXPENDITURES OF TIME AND MONEY

The plantiff Marino De Los Santos has sought punitive and monetary in the excess of $15.000.000.00 dollars, the plantiff would like to make the record clear that it could be construed that this amount could be deemed outrageous, let the record reflect that the plantiff is now a cripple and handicapped due to the serious injury, negligence, deliberate indiffrence on the part of the medical staff at Donald W. Wyatt Detention, the plantiff will not be able to gain employment for the rest of his entire life as the result of the neglect and deliberate indiffrence by the defendants.

The plantiff is willing to reach an settlement for $5.000.000.00 million dollars before the case would proceed to a trial phase, to relieve the court and defendants of the expenditures of time and money, as well as the emotional and mental strain the plantiff would endure if the case was to proceed to trial. The plantiff claims are valid and true and believe if the case would go to trial, the plantiff will prove the allegations in his complaint.

The plantiff would be willing to reach a settlement with the defendants in a timely matter and would not bring any further claims against the defendants in the civil matter.

Respectfully Your's

Marino de los Santos

Marino De Los Santos Pro Se,
Donald W. Wyatt Detention
950 High Street
Central Falls R.I. 02863

**CERTIFICATE OF SERVICE**

I, Marino De Los Santos, due solemly swear under the pains and penalties of perjury 28 U.S.C. 1746, have mailed a true copy of Pre-Trial discovery according to the Federal Rules Of Civil Pro. 26 & 37 via first class mail on May 8 2008, to attorney Dennis T. Grieco II, at One Turks Head Place, Suite 900, Providence Rhode Island. 02903.

Respectfully Submitted

Marino de los Santos

Marino De Los Santos Pro Se,
Donald W. Wyatt Detention
950 High Street
Central Falls R.I. 02863