UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARINO DE LOS SANTOS<br><br>V.<br><br>CORNELL CORRECTIONS INC.<br>WARDEN SALISBURY<br>ASSOC. TAPLEY<br>SGT. GOMES<br>CORRECTIONAL OFFICER RICHARDSON<br>CORRECTIONAL OFFICER HOBBS<br>DOCTOR JOHN RIEDEL<br>DOCTOR LEWISQUE<br>BEN CANDELARIA R.N.<br>CAPTAIN COBURN<br>CAPTAIN FEMA<br>DEFENDANTS ET,AL, | CIVIL NO.07-402 S |

WRITTEN STATEMENTS AND RELEVANT AUTHORITES
TO SUPPORT PLANTIFF EIGHTH AND FOURTEENTH AMENDMENT CLAIM

Pursuant to the Federal Rules Of Civil Procedure 82, the district court in the above title action has jurisdiction to hear, adjudicate the matter before the court, brought by the Plantiff, Marino De Los Santos, claiming an Eighth and Fourteenth Amendment violation by the employees of the **CORNELL CORRECTIONS INC.** The plantiff Marino De Los Santos, provides a written statement with relevant authorites, according to his ablilites as a lay person, whom is not a practioner in the court of Civil practice, The plantiff asks this court to construe his efforts liberally and not be held liable as a practicing attorney, according to the Federal Rules Of Civil Procedures. The plantiff makes the following statements.

## HISTORY OF EIGHTH AMENDMENT

The history of the Eighth Amendment and decisions of the court make it clear that the prohibition against cruel and unusual punishment was designed to protect those convicted of a crime. The eighth amendment provides: Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted. Bail, fines, and punishment traditionally have been associated with the criminal process, and by subjecting the three parallel limitations, the text of the amendment suggests an intention to limit the power entrusted with the criminal law function of goverment. An examination of the history of the amendment and the decisions of this court construing the proscription against cruel and unusual punishment confirms that it was designed to protect those convicted of crimes. **Ingraham v. Wright** 430 U.S. 651, 97 Sct. 1401 (1977)

Even so, the protection afforded by the Eighth amendment is limited after incarceration, only the unnecessary and wanton infliction of pain. **Estelle v. Gamble** 429 U.S.at 103,quoting, **Gregg v.Georgia** 428 U.S. at 173, Constitutes cruel and unusal punishment forbidden by the Eighth Amendment.

## FOURTEENTH AMENDMENT

Pre-Trial detainees are protected under the Fourteenth Amendment due process clause rather than the Eighth Amendment, However, the standard to be applied is the same as that used in Eighth Amendment cases. **Burell v. Hampshire County** 307 F3d. 1,7 (1st Cir. 2002), Constitutional protection is available to pre-trial detainees through the due process clause of the Fourteenth Amendment and it is at least as great as the Eighth Amendment protections available to a convicted

prisoner. Calderon-Ortiz v. Laboy-Alvarado 300 F3d. 60,64 (1 St.Cir 2002) Citing, City Of Revere v. Mass. General Hospital 463 U.S. 239, 244, 103 Sct. 2979, 77 Led2d.605 (1983). To state an Eighth Amendment claim, a prisoner must show that (1) he had a serious medical need, and (2) The defendants were deliberately indiffrent to it. Estelle v. Gamble 429 U.S. 97, 104 (1976) quoting, Gregg v. Georgia 428 U.S. 153, 182-83 (1976) Gavin v. Armstrong 236 F3d. 896, 898 (7th Cir 2001) The plantiff, was injured as a result of a fall in delta pod unit from a wet surface that was not attended to by the unit ordelies or the correctional officer on duty on the respective dates of August 30,2006 and November 5, 2006, which resulted in the plantiff sustaining serious injuries to his neck, back, chest, spine and foot. (2) The plantiff, complained repeatdly on numerous occassions to the medical staff at the Donald W. Wyatt, through medical requests. On each occassion the medical staff refused to call the plantiff to the medical office to alleviate his pain and afford plantiff medical attention. The plantiff, went as far as filing numerous greviances to warden Salisbury and Assoc. Tapley, and each grievance resulted in a denial by warden Salisbury and Associate Tapley to intervene on plantiff behalf to receive medical attention for the injuries he suffred under the detainment of the prison authorities at Donald W. Wyatt Detention Facility. The denial of medical care may result in pain and suffering. Gregg v. Georgia 428 U.S.182, 183 (1976), Similarity, the ninth circuit regards a medical condition to be serious, where the failure to treat a prisoner's condition could result in further significant injury or the un-neccessary wanton and infliction of pain. McGuckin v. Smith 974 F2d. 1050, 1060 (9th Cir1992) quoting, Estelle,and considers the following to be indications that a

prisoner has a serious medical need " The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; The presence of a medical condition that significantly affects an individuals daily activites or the exist--ence of chronic and substantial pain. Id. at 1050-1060, The plantiff complained of substantial pain to the medical and administrative staff, through medical requests as well as grievances, to prove an Eighth Amendment claim under deliberate indiffrence:the prison personnel must show deliberate indiffrence to the prisoner's serious illness or injury, which constitute cruel and unusual punishment contravening the Eighth Amendment. Estelle v. Gamble 429 U.S. 97 (1976) Helling v. Mckinney 509 U.S. 25 (1993); Wilson v. Seiter 501 U.S.294 (1991) To deliberately ignore a request for medical assistance has long been held to be a form of cruel and unusual punishment, provided that the illness or injury for which assistance is sought is sufficently serious or painful to make the refusal of assistance uncivilized.

However, when a supervisory offical is placed on actual notice of a prisoner need for physical protection or medical care, administrative negligence can arise to deliberate indiffrence or a reckless disregared for a prisoners safety. Kusilek v. Nelson No. CA. 92-12820-MLW 2000 WL1346898 D.Mass 2000. The plantiff has notified the staff about his ailing condition with the injuries suffered, the staff took it upon themselves to not respond to plantiff medical requests as well the grievances. A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the neccessity for a doctor's attention. Laaman v. Helgemoe, 437 F.Supp 269, 311 (D.N.H. 1977) see also, Mahan v. Plymouth County House of Corrections, 64 F3d 14, 18 (1st1995)

**Monmouth County Correctional institutional Inmates v. Lanzaro** 834 F2d.326,347 (3rd. Cir1983) Cert. denied, 486 U.S.1006, Sheldon v. Pezley 49 F3d.1316, 1319 (8th Cir.1995) Riddle v.Mondragon 83 F3d. 1197, 1202 (10th Cir. 1996) **Hill v. Dekalb Regional Youth Detention Ctr. 40 F3d. 1176, 1186 (11th Cir 1994)**; These elementary principles establish the goverment obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorites to treat his medical needs; if the authorities fail to do so those needs will not be met. The plantiff relied on the prison to met his serious medical, the plantiff did not come to this facility with any injuries, it was the result of the fall that has caused the plantiff to become a cripple and handicap, from the deterioration and deliberate indiffrence of responding to plantiff's medical requests, grievances and cries for medical attention.In the worst cases, such a failure may actually produce physical torture or a lingering death. **In Re Kemmler**, 136 U.S. 436,447 (1890)

OBJECTIVE AND SUBJECTIVE EVIDENCE

In order to survive a motion for summary judgement a plantiff alleging an Eighth Amendment violation, the plantiff must satisfy two requirements. First he must demonstrate from an objective standpoint, the conditions of his confinement denied him the minimal measure of the neccessities of civilzed living. The plantiff depended upon the prison authorities to provide him with attention and care for the suffering and pain he had to endure night in and night, from the injuries he suffered in his back, spine, chest and neck, it is clear that the plantiff requested a neck brace, a wheel chair and even cructhes to be able to be mobile in his daily activites without the infliction of pain. See; **Surprenant**

v. Rivas 424 F3d 5, 18 (1st Cir 2005) citing, Farmer v. Brennan 511 U.S. 825, 834, 114 Sct. 1970, 128 Led2d.811 (1994); Second the plantiff must establish that prison officals possessed a sufficently culpable state of mind, namely one of deliberate indiffrence to his health and safety. The plantiff requested to be seen by the medical staff on many of occassions without a response or simply telling the plantiff that there was not anything wrong with the plantiff, when it plain to the eyes of a lay person that when a man is un-able to erect himself in a straight alignment from his spine it should be evident that the plantiff is suffering from spinal atrophy. It is normal in our society for human beings to stand up erect and proper in a civilized world, when a man must remained in a position of being hunched over for the rest of his life without medical care, we have re-entered the dark ages of the un-civilized world. Burrell v. Hampshire County 307 F3d. 1, 8, (1st Cir 2002) citing; Farmer 511 U.S.at 834, 114 Sct.1970 also Rivera-Quinones v. Rivera Gonalez 397 FSupp2d. 334 (D. Puerto Rico 2005) Prison officals cannot ignore a problem once it is brought to their attention. The defendants may try to argue that the prison does not have enough money to fix the problem, courts have generally not accepted this defense. Spain v. Procunier 600 F2d 189 (9th Cir1979) The defendants must prove that the plantiff did not need further medical attention for his serious medical need from an injury that happened because the prison officals did not practice safety measures of protecting all prisoners from slipping and falling on wet surfaces inside the facility of Donald W. Wyatt Detention. The plantiff continues to suffer from chronic and acute pain, the plantiff has not been provided with a wheel chair or neck brace to perform his daily activites, the plantiff is made to walk around in pain on a cane, while other detainees are able to enjoy

walking erect, picking up there kids, being able to look at there kids in the eye while standing and sleeping comfortable at night without pain and numbness, the results of the injury has physically and psychologally crippled the plantiff. The defendants have not disputed the constitutional claims brought forth by plantiff, the exhibts provided to the court by the plantiff supports his constitutional claims of deliberate indiffrence in violation of the Eighth and Fourteenth Amendment. Plantiff has brought forth legal arguments and authorities in support of his claim. However, the questions and discovery the plantiff requested from the defendants would also support the claims brought forth to the court.

## CONCLUSION

The plantiff would like an order from the court to show the authorities that a telephone confrence will be held at the facility and the plantiff would be participating in the telephone confrence. The plantiff would like to inform his honor that the facility conducts a detainee count at 10:55 AM and the plantiff would have to be placed on the out count to be able to participate in the telephone confrence procceedings.

Respectfully Submitted

Marino de los Santos

Marino De Los Santos Pro Se,
Donald W. Wyatt Detention
950 High Street
Central Falls R.I. 02863

## CERTIFICATE OF SERVICE

I, Marino De Los Santos due solemly swear under the pains and penalties of perjury 28 U.S.C. 1746,having sent via first class mail a written statement to the case management supervisor on May 8 2008, as well as a copy to counsel Dennis T. Grieco II at One Turks Head Place, Suite 900, Providence Rhode Island,02903

Respectfully Submitted

Marino de los Santos

Marino De Los Santos
Donald W. Wyatt Detention
950 High Street
central Falls R.I. 02863