**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

MARINO DE LOS SANTOS

v. C.A. NO. 07-402 S

CORNELL CORRECTIONS, INC., et al.

# ANSWER OF CORNELL CORRECTIONS OF RHODE ISLAND, INC.TO PLAINTIFF'S AMENDED COMPLAINT

## INTRODUCTION

Defendant, Cornell Corrections of Rhode Island, Inc., hereby submits its answer to the Plaintiff's Complaint. Plaintiff's Complaint does not set forth his claims in by way of enumerated paragraphs. As such, Defendant will address each separate paragraph in the Plaintiff's Complaint in sequence.

First Paragraph: Defendant admits that Plaintiff was granted leave to file an amended complaint. Defendant admits that Cornell Corrections of Rhode Island, Inc. provided staffing and management of the Donald W. Wyatt Federal Detention Facility, located in Central Falls, Rhode Island. Insofar as the Plaintiff's claims in this paragraph are construed to state any wrongdoing on the part of the Defendant, such claims are expressly denied. Insofar as the Plaintiff attempts to hold liable those persons or entities who are not named and upon whom service of process has not been effected, any such claims should be dismissed for failure to name or serve proper process upon such persons or entities. Defendant denies that Cornell Corrections of Rhode Island, Inc. is liable for any damages alleged by the Plaintiff. To the extent that any of the remaining allegations in this paragraph require a responsive pleading, Defendant does not have sufficient

knowledge or information to admit or deny the remaining allegations contained in this paragraph and accordingly, leaves Plaintiff to his proof.

**FACTS OF THE CASE**

First paragraph: Defendant admits that Plaintiff was pre-trial detainee lawfully confined to the Donald W. Wyatt Detention Facility. Defendant denies that Plaintiff suffered the injuries he alleges upon his confinement at the Wyatt facility. Defendant is without information or facts sufficient to admit or deny that the Plaintiff fell in the showers at the Wyatt facility on August 30, 2006. Defendant denies that the Plaintiff was transported to Rhode Island Hospital on August 30, 2006. Defendant does not have sufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph and accordingly, leaves Plaintiff to his proof.

Second paragraph: Defendant admits that Plaintiff complained of pain to his foot, ankle and back on August 30, 2006. Defendant is without information or facts sufficient to admit or deny that the Plaintiff fell in the showers at the Wyatt facility on August 30, 2006. Defendant denies that Plaintiff was diagnosed with severe injuries of the back, neck, spine or foot as a result of the August 30, 2006 fall. Defendant denies the Plaintiff was evaluated or treated at Rhode Island Hospital on August 30, 2006. Defendant accordingly denies that Plaintiff was discharged from Rhode Island Hospital with a neckbrace and/or a wheelchair. Defendant admits that Plaintiff filed medical requests complaining of pain in his back and foot. Defendant denies that Plaintiff complained of pain and numbness in his legs or of difficulty with breathing in these medical requests. Defendant does not have sufficient knowledge or information to admit or deny the

remaining allegations contained in this paragraph and accordingly, leaves Plaintiff to his proof.

Third paragraph: Defendant admits that Plaintiff filed medical requests. Defendant admits that Plaintiff filed medical requests complaining of pain in his back and foot. Defendant denies that Plaintiff complained of pain and numbness in his legs in these medical requests. Defendant denies that the Plaintiff was prescribed Motrin in response to his complaints of August 30, 2006. Defendant is without information or facts sufficient to admit or deny that the Plaintiff fell in the showers at the Wyatt facility on November 5, 2006. Defendant denies that any unsafe condition existed on the premises which would breach any duty owed the Plaintiff. Defendant denies any allegation that the Plaintiff was not rendered proper medical treatment or that it breached any duty owed to Plaintiff, that it neglected Plaintiff in any way or in any way caused his injuries or damages. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Plaintiff's Complaint, and leaves Plaintiff to his proof.

Fourth Paragraph: Defendant admits that Plaintiff requested a wheelchair on September 6, 2006. Defendant denies the allegations contained in the second sentence of this paragraph. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and accordingly, leaves Plaintiff to his proof.

**CLAIM #1**

First paragraph: The allegations contained in the first sentence of this paragraph state legal conclusions rather than allegations of fact and thus no response is required

from the Defendant. To the extent these conclusions of law are deemed to support a claim against the Defendant, they are denied. Defendant denies that it was operating under the color of law but alternatively pleads that if its actions are determined to be under color of law, then it was operating under color of federal law. Defendant admits that it housed pre-trial detainees that were placed at the Donald W. Wyatt Detention Facility pursuant to a contract with the United States Marshal Service. Defendant denies that the allegations contained in the second sentence accurately articulate any duty under State or Federal law. Defendant denies the allegations contained in the third sentence of this paragraph. The statement contained in the fourth sentence of this paragraph state a legal conclusion rather than allegations of fact and thus no response is required from the Defendant. To the extent these conclusions of law are deemed to support a claim against the Defendant, they are denied. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in this paragraph, and leave Plaintiff to his proof.

Second paragraph: The allegations contained in the first and second sentences of this paragraph state a legal conclusion rather than allegations of fact and thus no response is required from the Defendant. To the extent these conclusions of law are deemed to support a claim against the Defendant, they are denied. Defendant denies the remaining allegations contained in this paragraph.

Third paragraph: The first two sentences of this paragraph state a legal conclusion rather than allegations of fact and thus no response is required from the Defendant. To the extent these conclusions of law are deemed to support a claim against the Defendant, they are denied. Defendant further denies that the allegations contained in

the first and second sentences accurately articulate its duty under State or Federal law. Defendant denies the allegations contained in the third sentence of this paragraph. The allegations contained in the fourth sentence of this paragraph state a legal conclusion rather than allegations of fact and thus no response is required from the Defendant. To the extent these conclusions of law are deemed to support a claim against the Defendant, they are denied. Defendant denies that it, or any of its agents or employees, were deliberately indifferent to, otherwise neglected, or caused any harm, injury or damage to the Plaintiff. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and leaves Plaintiff to his proof.

Fourth paragraph: Defendant denies the allegations in this paragraph.

Fifth paragraph: The first sentence of this paragraph states a legal conclusion rather than allegations of fact and thus no response is required from the Defendant. To the extent these conclusions of law are deemed to support a claim against the Defendant, they are denied. Defendant denies the remaining allegations in this paragraph.

Sixth paragraph: The first and second sentences of this paragraph state legal conclusions rather than allegations of fact and thus no response is required from the Defendant. To the extent these conclusions of law are deemed to support a claim against the Defendant, they are denied. Defendant admits that Plaintiff filed medical request forms. Defendant denies that Plaintiff filed medical request forms claiming "numbness" or "deterioration". Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in this paragraph.

Seventh paragraph: Defendant denies that the Plaintiff exhausted his administrative remedies. Defendant denies the allegations contained in the second

sentence of this paragraph. The allegations in the third sentence of this paragraph state a legal conclusion rather than allegations of fact and thus no response is required from the Defendant. To the extent these conclusions of law are deemed to support a claim against the Defendant, they are denied. Defendant admits that the Plaintiff was prescribed painkillers and does not need a wheelchair. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in the fourth sentence of this paragraph, and leave Plaintiff to his proof. The fifth and sixth sentences of this paragraph state legal conclusions rather than allegations of fact and thus no response is required from the Defendant. To the extent these conclusions of law are deemed to support a claim against the Defendant, they are denied. Defendant denies the remaining allegations contained in this paragraph.

## CONCLUSION

First paragraph: Defendant denies that the Plaintiff suffered any injury that left him crippled and in excruciating pain and numbness while at the Donald W. Wyatt Detention Facility. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in this paragraph and leaves the Plaintiff to his proof.

Second paragraph: Defendant denies that the allegations in the first sentence of this paragraph accurately articulate any duty owed to the Plaintiff. Defendant denies the remaining allegations in this paragraph, and leaves the Plaintiff to his proof.

Third paragraph: Defendant is without information or facts sufficient to admit or deny that the Plaintiff fell in the showers at the Wyatt facility on November 5, 2006. Defendant admits that the Plaintiff was seen at Rhode Island Hospital on November 5,

2006. Defendant admits that Plaintiff was discharged from Rhode Island Hospital with a cervical collar. Defendant denies that the Plaintiff was discharged from Rhode Island Hospital in a wheelchair. Defendant denies that the Plaintiff was scheduled for a appointment with a spine and back specialist by staff at Rhode Island Hospital. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph and leaves Plaintiff to his proof.

Fourth paragraph: Defendant admits that Plaintiff filed medical requests and a detainee request form with respect to his back. Defendant denies the remaining allegations contained in this paragraph.

Fifth paragraph: Defendant denies the allegations in this paragraph.

Sixth paragraph: Defendant denies the Plaintiff is entitled to the relief sought in this paragraph.

**FIRST AFFIRMATIVE DEFENSE**

Defendant asserts the defenses of insufficiency of process and insufficiency of service of process, and denies that Court has personal jurisdiction over it in this case.

**SECOND AFFIRMATIVE DEFENSE**

Defendant denies this Court has subject matter jurisdiction over the Plaintiff's claims.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**FOURTH AFFIRMATIVE DEFENSE**

Neither Cornell Corrections of Rhode Island, Inc. nor its employees were at any time a government actor against which constitutional claims may be asserted.

**FIFTH AFFIRMATIVE DEFENSE**

Alternatively, Cornell Corrections of Rhode Island, Inc. and its employees are immune from Plaintiff's claims.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries were caused, if at all, by the actions or conduct of other persons or entities for whom Defendant has no liability.

**SEVENTH AFFIRMATIVE DEFENSE**

The plaintiff's injuries were caused, if at all, in whole or in part by his own negligence or lack of due care and this Defendant claims all defenses related to that negligence and/or lack of due care, including but not limited to the defense of comparative negligence.

**EIGHTH AFFIRMATIVE DEFENSE**

Cornell Corrections of Rhode Island, Inc. pleads the defense of misnomer.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to exhaust his administrative remedies.

**TENTH AFFIRMATIVE DEFENSE**

Defendant pleads the Doctrine of Assumption of the Risk.

**WHEREFORE**, Defendants respectfully demand entry of Judgment in their favor, dismissing the Plaintiff's claims and awarding them their costs and fees and such further relief as this Court deems just and proper.

**Defendants designate Dennis T. Grieco II as their trial counsel.**

**Defendants demand a trial by jury.**

CORNELL CORRECTIONS OF RHODE ISLAND, INC.
By its attorneys,

/s/ Dennis T. Grieco II

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (fax)
dtg@gsm-law.com

Marino De Los Santos
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

I hereby certify that on the 27th day of June, 2008, a true copy of the foregoing document was served upon the *pro se* litigant listed above by first-class mail.

/s/ Dennis T. Grieco II