UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARINO DE LOS SANTOS | : | |
| vs. | : | No. 07 CV 402 S |
| CORNELL CORRECTIONS, INC., et al. | : | |

**MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

Now comes Rhode Island Hospital (the "Hospital") and seeks a Protective Order from this Court and/or an Order quashing the subpoena served on or about June 17, 2008, regarding certain health care information sought in the above-captioned matter.

In support of this Motion, the Hospital states that the medical records sought are subject to protection by state law. In further support of the Motion, the Hospital provides the attached Memorandum of Law.

Rhode Island Hospital
By Its Attorney,

/s/ Linn F. Freedman
Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614
E-mail: lfreedman@nixonpeabody.com

Dated: July 18, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of July, 2008, I filed this Motion to Quash and/or For Protective Order electronically with the Court and sent a true copy of said Motion by first-class mail to:

Dennis T. Grieco, II, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

Marino De Los Santos
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

Marino De Los Santos
New Haven Corrections Department
245 Whalley Avenue
New Haven, CT 06530

/s/ Linn F. Freedman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MARINO DE LOS SANTOS | : | |
| vs. | : | No. 07 CV 402 S |
| CORNELL CORRECTIONS, INC., et al. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

Rhode Island Hospital (the "Hospital") hereby seeks a Protective Order from this Court and/or an Order quashing the subpoena served on or about June 17, 2008, regarding certain medical records of Marino De Los Santos (d/o/b 2-1-71) (see attached Exhibit "A") for the reasons set forth below.

**ARGUMENT**

**A. The Information Sought is Confidential and Privileged.**

The Confidentiality of Health Care Communications and Information Act (the "Act"), R.I. Gen. Laws § 5-37.3-1 et seq., generally bars the disclosure of a patient's confidential health care information without the patient's written consent. The Act also subjects violators to both actual and punitive damages, as well as criminal penalties. R.I. Gen. Laws § 5-37.3-4 (a)(1)-(3). Accordingly, persons seeking information protected by the Act must follow the specific procedures set forth in § 5-37.3-6.1.

The information protected by the Act includes "all information relating to a patient's health care history, diagnosis, condition, treatment or evaluation obtained from a health care provider who has treated the patient." R.I. Gen. Laws § 5-37.3-3 (3)(ii). The word "treated" is

not specifically defined. Any relationship with a health care provider may constitute treatment as contemplated by the Act.

The Act establishes a presumption in favor of privacy. With regard to the adjudication of a motion to quash, the Act requires that "the court shall grant a motion to quash unless the requesting party can demonstrate that there is reasonable grounds to believe the information being sought is relevant to the proceedings, and the need for the information clearly outweighs the privacy interest of the individual." R.I. Gen. Laws § 5-37.3-6.1 (d) (emphasis added). To that end, the Court is directed to consider: 1) the particular purpose for which the information was collected; 2) the individual's reasonable expectation of privacy in the information; 3) the degree to which disclosure of the information would embarrass, injure, or invade the privacy of the individual; 4) the effect of the disclosure on the individual's future health care; 5) the importance of the information to the lawsuit or proceeding; and 6) whether the information is available from other sources. R.I. Gen. Laws § 5-37.3-6.1 (e).

While there are certain statutory exceptions to the general rule barring disclosure of records, those exceptions are inapplicable when the records contain evidence regarding the use of drugs and alcohol, evidence of testing and/or results of testing for HIV, sexually transmitted diseases and mental health treatment. The aforementioned information may only be released by court order in accordance with the applicable rules of civil procedure. The information sought here involves privileged, sensitive records, and therefore, only an *in camera* review will adequately protect the interests of the patient and Rhode Island Hospital.

In the instant case, the information requested in the subpoena contains sensitive information. The patient has not provided the Hospital with an authorization form for the release of the requested records. Therefore, based upon the foregoing, the Hospital cannot release the

subject records. Accordingly, Rhode Island Hospital respectfully requests that this Honorable Court issue a Protective Order and/or an Order quashing the subpoena issued.

Rhode Island Hospital
By Its Attorney,

/s/ Linn F. Freedman
Linn F. Freedman (#4778)
NIXON PEABODY LLP
One Citizens Plaza
Providence, RI 02903
Telephone: (401) 454-1108
Fax: (866) 807-6614
E-mail: lfreedman@nixonpeabody.com

Dated: July 18, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of July, 2008, I filed this Memorandum of Law in Support of Motion to Quash And/Or for Protective Order electronically with the Court and sent a true copy of said Memorandum of Law by first-class mail to:

Dennis T. Grieco, II, Esq.
Gidley, Sarli & Marusak, LLP
One Turks Head Place, Suite 900
Providence, RI 02903

Marino De Los Santos
Donald W. Wyatt Detention Facility
950 High Street
Central Falls, RI 02863

Marino De Los Santos
New Haven Corrections Department
245 Whalley Avenue
New Haven, CT 06530

/s/ Linn F. Freedman