**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

MARINO DE LOS SANTOS

v. C.A. NO. 07-402 S

CORNELL CORRECTIONS, INC., et al.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, CORNELL CORRECTIONS OF RHODE ISLAND, INC.'S OBJECTION TO NON-PARTY RHODE ISLAND HOSPITAL'S MOTION TO QUASH AND/OR FOR PROTECTIVE ORDER**

## I. INTRODUCTION

Defendant, Cornell Corrections of Rhode Island, Inc. ("Defendant") objects to non-party Rhode Island Hospital's ("Rhode Island Hospital" or "Petitioner") Motion to Quash and/or For Protective Order. For the reasons set forth in greater detail below, the Defendant has complied with the statutory and regulatory requirements precedent to the valid issuance of a subpoena duces tecum to the Keeper of Records of Rhode Island Hospital, and the records sought by way of said subpoena are relevant and necessary to a determination of the issues raised in the instant matter. Moreover, the Plaintiff has not objected to the issuance of the subpoena to the Keeper of Records of Rhode Island Hospital. Finally, the Plaintiff has waived, by virtue of his pleadings, any confidentiality in these records. Accordingly, the Petitioner's Motion should be denied.

## II. BACKGROUND

Plaintiff, Marino De Los Santos brings the instant action alleging generally that he sustained injuries in two separate slips and falls in the showers while a pre-trial detainee lawfully confined at the Donald W. Wyatt Detention Facility ("the Wyatt Facility") in Central Falls, Rhode Island. *See gen.* Plaintiff's Amended Complaint, Dkt. No. 14. The two slips and falls alleged by the Plaintiff occurred on August 30, 2006 and November 5, 2006. Id.

After the Plaintiff complained of injury on November 5, 2006, he was transported to Rhode Island Hospital for evaluation. Plaintiff's Complaint, Dkt. No. 1. Plaintiff alleges that medical staff at Rhode Island Hospital diagnosed him with severe injuries, and scheduled him for a follow-up visit with a spine specialist. Plaintiff's Amended Complaint, Dkt. No. 14. Plaintiff alleges in this matter that medical staff at the Wyatt Facility were deliberately indifferent to his serious medical needs in contravention of the Eighth Amendment in failing to allow him access to adequate medical care, resulting in severe personal injury. Id. The Plaintiff further contends that as a result of the alleged deliberate indifference, he has become emotionally and mentally broken (Amended Complaint, at p. 2) and is consequently forced to live his life in mental anguish. Id.

In an attempt to obtain the records of the Plaintiff's treatment at Rhode Island Hospital, the Defendant caused a subpoena to be issued to the Keeper of Records of Rhode Island Hospital, along with a Notice to Take the Deposition of the Keeper of Records. A copy of the subpoena and deposition notice were served on the Plaintiff on June 17, 2008. *See*, Motion to Quash, Exhibit A. After the Plaintiff failed to object within 20 days, the subpoena and deposition notice were issued to the Keeper of Records of Rhode Island Hospital. Id. The deposition was to be held on July 28, 2008 at 2:00 p.m. Id.

## III. ARGUMENT

### a. Defendant Has Complied With Rhode Island Statutory Requirements Regarding the Issuance of the Subpoena to Rhode Island Hospital

Rhode Island General Laws § 5-37.3-6.1 provides that;

> a health care provider or custodian of health care information may disclose confidential health care information in a judicial proceeding if the disclosure is pursuant to a subpoena and the provider or custodian is

> provided written certification by the party issuing the subpoena that:
>
> (1) A copy of the subpoena has been served by the party on the individual whose records are being sought on or before the date the subpoena was served, together with a notice of the individual's right to challenge the subpoena; or, if the individual cannot be located within this jurisdiction, that an affidavit of that fact is provided; and
>
> (2) Twenty (20) days have passed from the date of service on the individual and within that time period the individual has not initiated a challenge...
>
> R.I.Gen.Laws, § 5-37.3-6.1.

Here, the Defendant served a copy of the subpoena on the Plaintiff, and provided a certification to the Keeper of Records of Rhode Island Hospital that a copy of the subpoena was served on the Plaintiff. (*See*, Motion to Quash, Exhibit A). Moreover, the Plaintiff did not object to the issuance of the subpoena at any time, including to the present, and did not initiate a challenge. Id. This information is set forth in certification to the Keeper of Records of Rhode Island Hospital as well. Id. Thus, to the extent that Rhode Island Hospital claims that Defendant has not followed the specific procedures set forth in § 5-37.3-6.1 (*see*, Motion to Quash, p.1, *Argument*, § A) such a contention is not supported by the record, and the records sought by the subpoena should be ordered produced.

**b. The Materials Sought Are Relevant to The Instant Proceedings And the Need For the Information Clearly Outweighs the Privacy Interest of the Plaintiff**

Alternatively, § 5-37.3-6.1 provides that a person's health care information may be disclosed upon order of the Court after a challenge. R.I.Gen.Laws, § 5-37.3-6.1(a)(3). In determining whether to grant a motion to quash, the Court shall consider the following factors: (1) The particular purpose for which the information was collected; (2) The individual's

reasonable expectation of privacy in the information; (3) The degree to which disclosure of the information would embarrass, injure, or invade the privacy of the individual; (4) The effect of the disclosure on the individual's future health care; (5) The importance of the information to the lawsuit or proceeding; and (6) Whether the information is available from another source, including Rule 35 of the Superior Court Rules of Civil Procedure. R.I.Gen.Laws, § 5-37.3-6.1(d)(1-6).

Here, the information collected by Rhode Island Hospital was for the purpose of assessing and treating the Plaintiff. The Plaintiff in this case does not have a reasonable expectation of privacy in the information as he himself has put his health and condition squarely in issue. The Plaintiff alleges that the treatment rendered to him at the Wyatt Facility was Constitutionally inadequate. As such, the Defendant has the right to examine the records of Rhode Island Hospital to determine what care and treatment was rendered to the Plaintiff and assess the nature of that treatment in light of the treatment rendered at the Wyatt Facility. Moreover, the Plaintiff claims that the allegedly insufficient treatment rendered at the Wyatt Facility caused him to suffer severe personal injury. The records of Rhode Island Hospital clearly can speak to the nature and extent of the injuries diagnosed. Since the Plaintiff claims that his injuries were severe and improperly treated, the Defendants should be allowed disclosure of the Plaintiff's records from Rhode Island Hospital as these records would speak to the severity of the injuries diagnosed and the treatment rendered.

The disclosure of the Plaintiff's medical records from Rhode Island Hospital cannot be said to impact the Plaintiff's future health care. To the extent that any future health care is

affected, any such affect is clearly and substantially outweighed by the importance of this information to the pending lawsuit.

Finally, the Defendant will be substantially prejudiced if, given the allegations leveled by the Plaintiff, Defendant is not afforded discovery of the Plaintiff's medical records from Rhode Island Hospital. The Plaintiff's physical condition is clearly a relevant issue in this matter having been put into contention by the Plaintiff himself. *See*, Lewis v. Roderick, 617 A.2d 119, 121 (R.I. 1992) (any patient-physician privilege is automatically waived when a patient elects to bring a medical-malpractice claim or otherwise puts his or her medical condition at issue). As such, Rhode Island Hospital's Motion should be denied.

**c. Even If the Rhode Island Hospital Records Contain Evidence of Drug or Alcohol Treatment, the Petitioner's Motion Should Be Denied**

Rhode Island has adopted statutes that address chemical dependency (including drugs and alcohol) and records for treatment thereof. The records of treatment for these services are strictly confidential. "No licensee under this chapter or an employee of a licensee may disclose any information acquired from clients or persons consulting with the licensee to render professional services except under provisions of the federal regulation 42 CFR part 2." R.I. Gen. Laws §5-69-4.

42 CFR part 2 is entitled "Confidentiality of Alcohol and Drug Abuse Patient Records," and it sets forth rules and regulations relating to the confidentiality of such records, including those covered under R.I. Gen. Laws §5-69-1 *et seq*. The statutory authority for these regulations is derived from 42 U.S.C. §290ee-3 (confidentiality of drug abuse patient records) and 42 U.S.C. §290dd-3 (confidentiality of alcohol abuse patient records). 42 CFR §§2.1 and 2.2. Those

statutory sections provide that disclosure of alcohol and drug treatment records may be disclosed only with the patient's consent, or, regardless of patient consent:

> If authorized by an appropriate order of a court of competent jurisdiction granted after application showing good cause therefor. In assessing good cause the court shall weight the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure. 42 C.F.R. 2.1ee-3(b)(2)(C).

Here, this Court is clearly a Court of competent jurisdiction. Moreover, for the reasons set forth in the preceding section, good cause exists for the disclosure of these records. The Plaintiff's contentions are that he, through no fault of his own, sustained severe personal injuries and was improperly treated for these injuries. No injury to the patient, the physician-patient privilege or the treatment services can be said to arise from disclosure of this information in light of the allegations made by the Plaintiff. Moreover, the Plaintiff did not object to the issuance of this subpoena, further evidencing the lack of any injury on the part of the Plaintiff. In fact, severe injustice may result from the grant of the Petitioner's motion in that Defendant will be denied access to evidence tending to either support or otherwise impact its defense of this matter. Accordingly, the Petitioner's Motion should be denied.

**d. <u>Even if the Rhode Island Hospital Records Contain Evidence of Mental Health Treatment, the Petitioner's Motion Should Be Denied</u>**

The fact of admission or certification and all information and records of mental health treatment provided to persons are confidential. <u>R.I.Gen.Laws</u>, § 40.1-5-26. However, these records may be disclosed to the courts and persons designated by judges in accordance with

applicable rules of procedure. Id. The applicable Rules of Procedure here are the Federal Rules of Civil Procedure, Rule 45, which governs subpoenas.

Federal Rule of Civil Procedure 45(c)(3)(A)(iii) provides that a court must quash or modify a subpoena that requires disclosure of privileged or otherwise protected matter if no exception or waiver applies. Fed.R.Civ.P. 45(c)(3)(A)(iii). Here, the Plaintiff has waived any privacy concerns he may have in the records of his treatment at Rhode Island Hospital, even to the extent they may include records of treatment for mental health concerns. Even if the Plaintiff has not waived any privacy in these materials by failing to object to the issuance of the subpoena in question, by his own pleading, the Plaintiff has put issues with respect to his mental health into play. As such, the Petitioner's Motion should be denied.

## IV. CONCLUSION

For the reasons set forth above and the authorities cited herein, the Motion of the Petitioner, Rhode Island Hospital should be denied. The information sought by way of the instant subpoena is relevant to this action and the Plaintiff has failed to raise any objection to the issuance of the subpoena to Rhode Island Hospital.

CORNELL CORRECTIONS OF RHODE ISLAND, INC.
By its attorneys,

/s/ Dennis T. Grieco II

Dennis T. Grieco II #5057
GIDLEY, SARLI & MARUSAK, LLP
One Turks Head Place, Suite 900
Providence, RI 02903
(401) 274-6644
(401) 331-9304 (fax)
dtg@gsm-law.com

**CERTIFICATION**

Marino De Los Santos
13 Jourmire Road
Bridgeport, CT 06606

Linn F. Freedman, Esq.
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903

I hereby certify that on the 30th day of July, 2008, a true copy of the foregoing document was served upon the pro se litigant listed above by first-class mail and via electronic mail to the Court and by first-class mail to counsel listed above.

/s/ Dennis T. Grieco II